IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:18-cr-591-S |
| LACOY SUGGS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REVOKING PREHEARING RELEASE AND ORDERING DETENTION PENDING HEARING**

Defendant Lacoy Suggs is facing a final supervised release revocation hearing, currently scheduled for September 8, 2022.

On April 19, 2020, the undersigned United States magistrate judge considered releasing Defendant pending the final hearing under 18 U.S.C. § 3143(a)(1), which directs that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."

After a contested hearing, *see* Dkt. No. 51, in accordance with 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6), the Court released

-1-

Defendant under 18 U.S.C. § 3142(c) pending the final hearing subject to an Order Setting Conditions of Release, *see* Dkt. No. 52.

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148; *see also* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

On June 7, 2022, Defendant's supervising probation officer filed a Report of Violation of Conditions of Pretrial Release, in which she reported:

> COMES NOW Sierra Delgado, U.S. Probation Officer, presenting a report to the Court upon the conduct of defendant, Lacoy Suggs, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge David L. Horan sitting in the Court at 1100 Commerce Street, Room 1561, Dallas Texas, on April 19, 2022, under the following conditions:
> 7(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products. (See Order Setting Conditions of Release (ordered April 19, 2022))
> The undersigned has information that the defendant has violated such conditions in each of the following respects:
> On April 20, 2022, U.S. Probation Officer Sierra Delgado placed a sweat patch on Mr. Suggs' left upper arm. On May 4, 2022, the sweat patch was removed from Mr. Suggs' arm at his residence located in Dallas, Texas. On May 23, 2022, the specimen was tested by Clinical Reference Laboratory, Inc. located in Kansas City, Missouri and on May 25, 2022, results were received by the U.S. Probation Office. The results returned positive for cocaine and opiates. During the time the sweat patch was located on Mr. Suggs' arm, he was prescribed

> Acetaminophen/Codeine; however, the laboratory confirmed the specimen was also positive for cocaine, which is an illegal substance. On June 3, 2022, Mr. Suggs denied any illegal drug use.
>
> The undersigned suggests to the court that no action be taken. Mr. Suggs has been placed in supportive outpatient substance abuse treatment and this officer believes appropriate programs and resources are available through our treatment community to assist Mr. Suggs in addressing his drug use. Should Mr. Suggs continue to use illegal controlled substances, the U.S. Probation Office will advise the Court.

Dkt. No. 60 at 1. The Court ordered that no action be taken. *See id.* at 2.

On June 15, 2022, Defendant's supervising probation officer filed a Second Report of Violation of Conditions of Pretrial Release, in which she reported:

> COMES NOW Sierra Delgado, U.S. Probation Officer, presenting a report to the Court upon the conduct of the person under supervision, Lacoy Suggs, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge David L. Horan sitting in the Court at 1100 Commerce Street, Room 1561, Dallas Texas, on April 19, 2022, under the following conditions:
>
> 7(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products. (See Order Setting Conditions of Release (ordered April 19, 2022))
>
> The undersigned has information that the person under supervision has violated such conditions in each of the following respects:
>
> On May 20, 2022, U.S. Probation Officer Sierra Delgado placed a sweat patch on Mr. Suggs' left upper arm. On June 3, 2022, the sweat patch was removed from Mr. Suggs' arm at the U.S. Probation Office located in Arlington, Texas. On June 8, 2022, the specimen was tested by Clinical Reference Laboratory, Inc. located in Kansas City, Missouri and on June 10, 2022, results were received by the U.S. Probation Office. The results returned positive for cocaine. On June 14, 2022, Mr. Suggs denied any illegal drug use.
>
> The undersigned suggests to the Court that no action be taken at this time. Mr. Suggs has been placed in supportive outpatient substance abuse treatment and this officer believes appropriate programs and

-4-

resources are available through our treatment community to assist Mr. Suggs in addressing his drug use. Mr. Suggs has only recently begun treatment. While on bond, awaiting his revocation hearing, Mr. Suggs has been in and out of the hospital and has not been able to fully participate in the substance abuse treatment program. Should Mr. Suggs continue to use illegal controlled substances, the U.S. Probation Office will advise the Court.

Dkt. No. 61 at 1. The Court ordered again that no action be taken. *See id.* at 2.

On August 8, 2022, Defendant's supervising probation officer filed a Petition for Action on Conditions of Pretrial Release, in which she reported:

> COMES NOW Sierra Delgado, U.S. Probation Officer, presenting an official report upon the conduct of defendant, Lacoy Suggs, who was placed under pretrial supervision by the Honorable U.S. Magistrate Judge David L. Horan sitting in the Court at 1100 Commerce Street, Room 1561, Dallas, Texas, on April 19, 2022, under the following conditions:
>
>> 7(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products. (See Order Setting Conditions of Release (ordered April 19, 2022))
>> 7(o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by probation.
>> 7(p) The defendant must submit to location monitoring as directed by the pretrial services or supervising officer (technology at probation office's discretion) and participate in one of the following location restriction programs and comply with all program requirements as directed. The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.
>>> (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities, court appearances, counseling requirements and attorney visits or other activities specifically approved by the court.

The undersigned has information that the person under supervision has violated such conditions in each of the following respects:

On July 15, 2022, U.S. Probation Officer Sierra Delgado placed a sweat patch on Mr. Suggs' left upper arm. On July 25, 2022, the sweat patch was removed from Mr. Suggs' arm at his residence. On August 2, 2022, the specimen was tested by the Clinical Reference Laboratory, Inc. located in Kansas City, Missouri and on August 4, 2022, results were received by the U.S. Probation office. The results returned positive for cocaine and phencyclidine (PCP).

Mr. Suggs has been enrolled in supportive outpatient substance abuse treatment at Phoenix Counseling Associates located in Dallas, Texas. Mr. Suggs violated his condition of release when he failed to attend group substance abuse treatment sessions on June 8 and July 11, 2022. Mr. Suggs did not have permission to miss these counseling sessions and was not at an approved medical appointment.

Mr. Suggs further violated his conditions of release when he failed to follow the home incarceration requirements. Specifically, on June 28, 2022, Mr. Suggs was found to be outside of his residence. Mr. Suggs advised he was helping his mother bring items inside the residence from her vehicle. On June 29, 2022, Mr. Suggs admitted to leaving his residence to throw out the trash and on August 2, 2022, Mr. Suggs admitted to going outside to talk with friends on July 24, 2022.

**Previous Court Notifications**

On June 7, 2022, the Court was notified Mr. Suggs had tested positive for cocaine. Mr. Suggs denied any illegal drug use. Due to Mr. Suggs only recently starting substance abuse treatment, no court action was requested. On June 8, 2022, Your Honor agreed with the U.S. Probation Officer's recommendation and allowed Mr. Suggs to continue treatment.

On June 15, 2022, the Court was notified Mr. Suggs had tested positive for cocaine. Mr. Suggs did not admit to any illegal drug use. The U.S. Probation Officer requested Mr. Suggs be allowed to continue in treatment. On June 15, 2022, Your Honor agreed with the U.S. Probation Officer's recommendation.

Respectfully Presenting Petition for Action of Court Case As Follows:

The undersigned suggests to the Court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 65 at 1-2. The Court ordered that a summons be issued and the defendant appear before this Court to determine whether his conditions of prehearing release should be revoked. *See id.* at 3.

The government filed a Motion to Revoke Conditions of Release, in which it asserted:

> Pursuant to the Petition for Action on Conditions of Pretrial Release filed in this cause (Dkt. 65), the United States files this motion to revoke the conditions of release pending the defendant's supervised release revocation hearing. In support, the government alleges the following:
> ….
> 1. On August 11, 2021, United States Probation filed a Petition for Person Under Supervision (12C) and asked the district court to issue a warrant for the defendant based on his violation of certain supervised release conditions. (Dkt. 42.) In sum, the petition alleged that Suggs violated his conditions based on two arrests, including an arrest in Plano for Driving While Intoxicated on July 26, 2021, where Suggs was found with vials of suspected PCP in his pocket, and an arrest in Dallas on August 4, 2021, for multiple offenses, including Unlawful Possession of a Firearm, Possession of Marijuana, and Disorderly Conduct Discharging/Displaying a Firearm. (Dkt. 42 at 1-3.) Additionally, Suggs admitted verbally and in writing to the United States Probation Officer that he used ecstasy on July 24, 2021, and PCP and marijuana on July 28, 2021. (Dkt. 42 at 3.) The district court subsequently signed an order for the issuance of a warrant. (Dkt. 42 at 5.)
> 2. On April 7, 2022, Suggs was arrested in the Eastern District of Texas. (Dkt. 44 at 4.) The following day, Suggs appeared before a magistrate judge for an initial appearance and signed a Waiver of Rule 32.1 Hearing requesting any hearings to which he might be entitled be held in the Northern District of Texas. (Dkt. 44 at 6.) Suggs was then transferred to the Northern District of Texas and appeared before this Court on April 14, 2022, at which time Suggs was advised of his rights and appointed counsel.
> 3. On April 19, 2022, the Court held a detention and preliminary hearing. The Court found probable cause to believe the violations occurred and ordered Suggs released on conditions pending his revocation hearing, including the following:

- (7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products;
- (7)(o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by probation; and
- (7)(p) The defendant must submit to location monitoring as directed by the pretrial services or supervising officer (technology at probation office's discretion) and participate in one of the following location restriction programs and comply with all program requirements as directed. The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer

> (iii) Home incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities, court appearances, attorney visits, or other activities specifically approved by the court, including counseling as required above.

(Dkts. 52 at 2, 65 at 1.)

….

4. The Court should revoke Suggs' conditions of release and order him detained pending the resolution of this matter. As indicated in the Petition, Suggs has repeatedly violated the conditions of release set by this Court. Most recently, on August 4, 2022, a sweat patch placed on Suggs by the United States Probation Officer yielded a positive result for cocaine and PCP. (Dkt. 65 at 1.) This is the third time that a sweat patch has shown a positive result for narcotics. Sweat patches placed on Suggs previously showed positive results for cocaine on May 25, 2022, and again on June 10, 2022. (Dkts. 60, 61.) In both of those instances, United States Probation did not request court action because Suggs had recently begun substance abuse treatment, and the Court agreed to give him another chance. See Dkts. 60, 61, 65 at 2.

5. In addition to recently testing positive for cocaine and PCP, Suggs also failed to attend group substance abuse treatment sessions at Phoenix Counseling Associates on June 8, 2022, and July 11, 2022. As noted in the Petition, Suggs did not have permission to miss those counseling dates and was not at an approved medical appointment. (Dkt. 65 at 2.)

      6. Finally, Suggs violated his conditions of release by failing to follow the home incarceration requirements. Specifically, on June 28, 2022, Suggs was found outside of his home and claimed to be helping his mother bring items inside his home. Suggs later admitted to the United States Probation Officer that he left his residence on two other occasions, including to purportedly throw out trash and to go outside to talk with friends. Coupled with Suggs' other violations, these instances show a pattern of disregard for the conditions of release set by the Court.

….

      7. In light of the above, the United States asserts that Suggs is both a danger to the community and a flight risk and that there is no conditions or combination of conditions that the Court can set to reasonably assure the safety of the community. The government requests that Suggs be detained pending the resolution of this matter.

Dkt. No. 67 at 1-4.

On August 17, 2022, the Court held a hearing on the matter of possible revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The Court confirmed at the hearing that Defendant had reviewed the Petition for Action on Conditions of Pretrial Release [Dkt. No. 65] and the government's motion to revoke [Dkt. No. 67] with his counsel. At the hearing, Defendant voluntarily waived his right to a hearing to contest whether his prehearing release should be revoked and he should be detained pending the final supervised release revocation hearing, after having been advised by the Court that, if he did so, the Court would revoke his prehearing release and order him detained pending the final supervised release revocation hearing.

Based on Defendant's knowing and voluntary waiver of a revocation hearing in the face of the alleged violations in the Report of Violation of Conditions of Pretrial Release [Dkt. No. 65], the Court finds, in accordance with the Section 3148(b)'s requirements, clear and convincing evidence that Defendant has violated a condition of release imposed on him by this Court's Order Setting Conditions of Release [Dkt. No. 52], as alleged in the Petition for Action on Conditions of Pretrial Release [Dkt. No. 65]. And the Court further finds and that Defendant is unlikely to abide by any condition or combination of conditions of release.

The Court GRANTS the government's motion to revoke prehearing release [Dkt. No. 67] and ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release [Dkt. No. 52] is VACATED and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: August 17, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE